UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| RICHARD WEATHERLY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | No. 2:15-cv-220-WTL-WGH |
| ) | |
| LEANN LARIVA, WARDEN, ) | |
| ) | |
| Respondent. ) | |

**Entry Dismissing Action and Directing Entry of Final Judgment**

**I.**

The petitioner shall have through August 20, 20014 in which to either pay the $5.00 filing fee or demonstrate that he lacks the financial means to do so.

**II**.

Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). Accordingly, a habeas petition "should be denied at once if the issues it raises clearly have been forfeited or lack merit under established law." *O'Connor v. United States,* 133 F.3d 548, 551 (7th Cir. 1998). This is an appropriate case for such a disposition. This conclusion rests on the following facts and circumstances:

The petitioner challenges his ACCA-enhanced sentenced in No. 4:03-cr-0243-JEG entered in the Southern District of Iowa on March 3, 2005 based on the recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). It was held in *Johnson* that an increased sentence under residual clause of the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e)(2)(B)(ii), violates due process.

The petitioner seeks relief based on 28 U.S.C. § 2241(c)(3), invoking the savings clause of 28 U.S.C. § 2255(e). "A federal prisoner may use a § 2241 petition for a writ of habeas corpus to attack his conviction or sentence only if § 2255 is 'inadequate or ineffective.'" *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012) (quoting 28 U.S.C. § 2255(e)).

The Court of Appeals for the Seventh Circuit has held that Section 2255 is only inadequate or ineffective when three requirements are satisfied: (1) the petitioner relies on a new case of statutory interpretation rather than a constitutional decision; (2) the case was decided after his first Section 2255 motion but is retroactive; and (3) the alleged error results in a miscarriage of justice. *See Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013).

*Johnson* invalidated the residual clause of the ACCA on the basis of constitutional due process. It is not a case of statutory interpretation. Whether some avenue exists for the petitioner to see redress pursuant to 28 U.S.C. § 2255(h) cannot be determined here, but it is apparent from the face of his petition that Weatherly cannot satisfy the *Brown* test referenced above in order to proceed pursuant to 28 U.S.C. § 2241.

Based on the foregoing, Weatherly has sought relief pursuant to 28 U.S.C. § 2241 in circumstances which do not permit the use of that remedy. His petition for a writ of habeas corpus is **denied**.

### III.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 8/4/15

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Richard Weatherly
07009-030
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808